Mr. John Bracey 12905 Cherry Laurel Drive Little Rock, Arkansas 72211-5458
Dear Mr. Bracey:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the City of Little Rock Human Resources Department's decision not to release certain personnel records you requested is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to -109 (Repl. 2002). Specifically, you have enclosed two FOIA requests you made on December 3, 2002, one pertaining to records of personal use of city copy machines, (which I do not address in this opinion)[1] and the other for "[c]opies of any complaint filed against any employee that works in the Planning Division and discipline that each employee received if any. Name of employee, name of person handling complaint, name of complaint (if possible). Outcome of investigation." The custodian of the records responded to this last request by denying access to the records, stating: "the FOI Act considers such complaints personnel records and under my interpretation of the Act and the Attorney General's Opinions, I do not believe that details of those complaints would be releaseable unless the employee received a disciplinary action in the form of suspension or termination of employment. I can tell you that we have received two complaints against employees in Planning."
My statutory charge is to determine whether the custodian's decision is consistent with the provisions of the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
In my opinion the test stated above by the custodian for the release of these records is incorrect. It appears that the records in question may be unsolicited complaints filed against employees of the City. In my opinion, such records are indeed properly classified as "personnel records" for purposes of the FOIA. As I stated in Op. Att'y. Gen.2001-123, however:
 It is my opinion that unsolicited complaints of this nature . . . constitute "personnel records," as opposed to "employee evaluation/job performance records," within the meaning of the FOIA.
 The classification is significant, because the standard for releasing personnel records differs from the standard for releasing employee evaluation/job performance records. . . . Whereas employee evaluation/job performance records may not be released if the employee was not suspended or terminated, personnel records, under the FOIA, must be released unless their release would constitute a" clearly unwarranted invasion of personal privacy" (of the employee). A.C.A. § 25-19-105(b)(12).
* * *
 I have consistently taken the position that documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos. 2001-028; 2000-058; 2000-231. This classification is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which I have held to constitute employee evaluation/job performance records. I have consistently opined that an unsolicited complaint about an employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See A.C.A. § 25-19-105(c)(1); Ops. Att'y Gen. Nos. 2000-175; 2000-166; 99-026. Accord, Op. Att'y Gen. No. 96-033. Rather, an unsolicited complaint document is a personnel record, and its releasability must be evaluated under the standard for the release of personnel records. Op. Att'y Gen. No. 98-001(finding unsolicited complaint of sexual harassment to be personnel record). Accord, Op. Att'y Gen. No. 2000-058.
If the complaints at issue were unsolicited by the employer, in my opinion they are properly classified as "personnel records" rather than employee evaluation or job performance records. "Personnel records" are open to the public except to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test, weighing the interest of the public in accessing the records against the individual's interest in keeping them private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos.2001-101; 98-001.
I have not reviewed the documents in question and therefore cannot express an opinion on to what extent the release of any information contained therein would constitute a clearly unwarranted invasion of personal privacy. This is a decision that must be made in the first instance by the custodian of the records. I can state however that any unsolicited complaint documents should be reviewed under the "clearly unwarranted invasion of personal privacy" test outlined above. Any other documents created at the behest of the employer related to such complaints may qualify for the exemption for "employee evaluation or job performance records," but unsolicited complaint documents do not.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] My duty to provide opinions under A.C.A. § 25-19-105(c)(3)(B) to the requester, custodian or subject of records is restricted to instances in which the requested records are "personnel records," or "employee evaluation or job performance records." The first FOIA request you submitted does not appear to involve this subject matter, and I therefore express no opinion on the City's decision with regard to those records. (Officials with the Human Resources Department state in any event that they do not maintain that information and that the request should be directed to the Planning Department.)